UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Ivan Hraiz § | |
| *Petitioner* § | |
| § | |
| v. § | |
| § | |
| § | |
| HON. Pamela Jo Bondi, U.S Attorney General, § | |
| Kristi Noem, Secretary of the DHS, § | Civil Action No. _____ |
| Pete R. Flores, Acting Commissioner of § | |
| U.S. Customs and Border Protection, § | |
| Todd Lyons, Acting Director, § | |
| Immigration and Customs Enforcement (ICE), § | |
| and Miguel Vergara in his official capacity. § | |
| *Respondents.* § | |

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ivan Hraiz, Petitioner herein, filing this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and would show the court the following:

**I. INTRODUCTION**

Petitioner, Ivan Hraiz hereby petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention by Immigration and Customs Enforcement (ICE) in violation of Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner has been detained for over 90 days since his removal order became final, and the government has failed to effectuate his removal within a reasonable period. His indefinite detention violates the Due Process Clause of the Fifth Amendment, as removal is no longer reasonably foreseeable.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is in the custody of ICE and seeks relief from unlawful detention.

2. Venue is proper in this District because Petitioner is currently detained at Port Isabel Detention Center which is within the jurisdiction of this Court.

## III. PARTIES

3. Petitioner, Ivan Hraiz an individual subject to a final order of removal but detained beyond the legally permissible period.

4. Respondent, the Attorney General of the United States, Pamela Jo Bondi, is sued in her official capacity as the Attorney General of the United States. Respondent may be served by delivering a copy of the summons and the complaint to the Chief Executive Officer of the Department of Justice.

5. Respondent, the Secretary of the Department of Homeland Security, Kristi Noem, is sued in her official capacity as the Secretary of the Department of Homeland Security. Respondent may be served by delivering a copy of the summons and the complaint to the Chief Executive Officer of the Department of Homeland Security.

6. Respondent, the Acting Commissioner of U.S. Customs and Border Protection, Pete R. Flores, is sued in his official capacity as the Acting Commissioner of U.S. Customs and Border Protection. Respondent may be served by delivering a copy of the summons and the complaint to the Chief Executive Officer of U.S. Customs and Border Protection.

7. Respondent, the Acting Director of ICE, Todd Lyons, is sued in his official capacity as the Acting Director of ICE. Respondent may be served by delivering a copy of the summons and the complaint to the Chief Executive Officer of ICE.

8. Respondent, Miguel Vergara, is sued in his official capacity. Respondent may be served by delivering a copy of the summons and the complaint to his official place of business.

## IV. FACTUAL BACKGROUND

9. Petitioner is a citizen of Lebanon who entered the United States on November 22, 2024 and was placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1).
10. Petitioner was issued a final order of removal on December 17, 2024 making his removal period begin on December 17, 2024.
11. Under 8 U.S.C. § 1231(a)(1)(A), the government had 90 days to remove him.
12. It has now been over 90 days, and ICE has failed to execute the removal or provide any evidence that removal is reasonably foreseeable.
13. Petitioner does not have any pending appeals, waivers, or applications preventing his removal.
14. Petitioner's country of origin has not issued a travel document, and ICE has not provided a definitive removal plan.

## V. LEGAL ARGUMENTS

15. Under Zadvydas v. Davis, 533 U.S. 678 (2001), continued detention beyond six months is unconstitutional if removal is not reasonably foreseeable.
16. The Supreme Court ruled that post-removal detention cannot exceed six months unless there is a significant likelihood of removal in the reasonably foreseeable future.
17. Petitioner has been detained for over 90 days, and ICE has not demonstrated that removal is imminent.
18. Without evidence of a scheduled removal, further detention is presumptively unconstitutional under Zadvydas.
19. Petitioner's continued detention violates due process under the Fifth Amendment.

20. Immigration detainees cannot be subjected to indefinite detention without justification.

21. The government has not demonstrated any justification for Petitioner's prolonged detention beyond the statutory removal period.

22. There is no legal or practical justification for Petitioner's continued detention.

23. Petitioner does not pose a danger to the community or a flight risk.

24. The government has not made reasonable efforts to remove him, and continued detention is punitive rather than administrative.

## VI. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Grant the Writ of Habeas Corpus, ordering the immediate release of Petitioner under an order of supervision pursuant to 8 C.F.R. § 241.13;

b. Order Respondents to provide a status report regarding Petitioner's removal;

c. Declare that Petitioner's continued detention is unlawful under Zadvydas v. Davis and the Due Process Clause; and

d. Grant any further relief the Court deems just and proper.

Respectfully submitted,

Matulewicz & Associates, P.C.
521 S Broadway St
McAllen, TX 78501-4929
Tel: (956) 972-0330
Fax: (956) 972-0353

By: */s/ Anthony Matulewicz*
Anthony Matulewicz
State Bar No. 13234358
Federal bar Number: 15710
anth@matulewicz.com